United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, N.A., <br><br> Plaintiff, <br><br> v. <br><br> RODOLFO O. DELA CUESTA, *et al.*, <br><br> Defendants. | No. C-11-4584 EMC <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** <br><br> **(Docket No. 14)** |

Plaintiff HSBC Bank, N.A., acting in its capacity as trustee, initiated this unlawful detainer action against Defendants Rodolfo O. Dela Cuesta, Caridad M. Dela Cuesta, and Reuben Carlo M. Dela Cuesta in state court. Defendants removed the case to federal court, after which HSBC moved for a remand based on lack of subject matter jurisdiction. Currently pending before the Court is HSBC's motion to remand. Defendants filed an opposition to the motion but failed to make an appearance at the hearing on the motion. Having considered the papers submitted, the Court hereby **GRANTS** HSBC's motion.[1]

---

[1] The Court has taken into account Defendants' contention that the Court should not entertain the motion to remand because HSBC's counsel of record has not established (1) that the attorneys are licensed to practice and (2) that HSBC actually hired counsel of record to represent it. Defendants' argument is without merit. First, the California State Bar's website confirms that Eric D. Houser and Chris C. Chapman are licensed to practice in the state. Second, there is no federal rule requiring evidence of representation before an attorney may make an appearance on behalf of a client. Furthermore, Defendants have not pointed to any evidence suggesting that Mr. Houser and Mr. Chapman do not have the authority to represent HSBC. The Court accepts Mr. Houser and Mr. Chapman's implicit representation that they are authorized to represent HSBC. Although they are litigation counsel of record, they are also still officers of the Court.

Title 28 U.S.C. § 1441 allows a defendant to remove only cases in which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441. Under 28 U.S.C. § 1331, a federal court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1332, a federal court also has subject matter jurisdiction when each of the plaintiffs is a citizen of a different state from each of the defendants (*i.e.*, when there is "complete diversity") and the amount in controversy exceeds $75,000. In the instant case, Defendants assert that there is both federal question jurisdiction as well as diversity jurisdiction. *See generally* Docket No. 1 (notice of removal). The Court does not agree.

With respect to federal question jurisdiction, Defendants argue that they intend to raise affirmative defenses based on federal law. *See* Docket No. 1 (Not. ¶ 6). Defendants also contend that they intend to assert claims for relief against HSBC based on federal law (*e.g.*, violation of the Truth in Lending Act and the Real Estate Settlement Procedures Act). *See* Docket No. 1 (Not. ¶¶ 8, 12). The problem for Defendants is that a court must determine whether there is federal question jurisdiction based on the allegations in the plaintiff's complaint, not on the defenses raised in the defendant's answer or in any counterclaims asserted by defendants. *See Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 830-32 (2002) (rejecting argument that "the well-pleaded-complaint rule, properly understood, allows a counterclaim to serve as the basis for a district court's 'arising under' jurisdiction"); *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality of St. of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (stating that "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims"). In the case at hand, the only claim asserted by HSBC in its complaint is unlawful detainer, which is clearly a state law claim. See Docket No. 1 (complaint).

As for diversity jurisdiction, as noted above, not only must there be complete diversity in citizenship but also the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a). Defendants argue that the amount in controversy exceeds $75,000 because the value of their home exceeds $75,000. This argument, however, is unavailing "because in unlawful detainer actions, 'the right to possession alone [is] involved – not title to the property.' Therefore, damages are limited to the rental value of the property during the period of unlawful possession." *Wells Fargo Bank, NA v.*

*Hunt*, No. C-10-04965 JCS, 2011 U.S. Dist. LEXIS 14125, at *12-13 (N.D. Cal. Feb. 3, 2011). As stated in the complaint, HSBC is seeking a rental value of $60 per day, starting from the day that the notice to quit expired. Even if the notice to quit expired sometime in August 2011, it is unlikely that the total damages would exceed $75,000 given the limited daily rental value requested by HSBC. Moreover, the caption of the complaint reflects that HSBC is limiting its damages request to less than $10,000. The Court thus concludes that the amount-in-controversy requirement has not been satisfied.

Because the Court concludes that both federal question jurisdiction and diversity jurisdiction are lacking, it grants the motion to remand based on lack of subject matter jurisdiction. The case is remanded to the state court from which it was removed, and the Clerk of the Court shall close the file in this case.

This order disposes of Docket No. 14.

IT IS SO ORDERED

Dated: January 3, 2012

_____
EDWARD M. CHEN
United States District Judge